















JPP    7/15/03    13:44

3:03-CV-01370    PHARMAGENX INC V. OWOC

*1*

*NTCREM.*

ORIGINAL
FILED

'03 JUL 11 AH 10: 51

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

1  TODD MALYNN (SBN 181505)
   FELDMAN GALE & WEBER, P.A.
2  Promenade West, Suite 315
   880 West First Street
3  Los Angeles, California 90012
   Telephone No. (213) 625-5992
4  Fax No. (213) 625-5993

5  Attorneys for Defendant:
   VITAL PHARMACEUTICALS, INC.
6  JOHN W. OWOC
   MICHAEL FABIAN0
7

8              UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF CALIFORNIA
9

10  PHARMAGENX, INC.,                 )   '03 CV   1370 IEG (JMA)
        a Nevada corporation,          )
11                                     )   CASE NO.:
               Plaintiff,              )
12                                     )   JUDGE:
    vs.                                )
13                                     )
    JOHN H. OWOC, an individual, VITAL )   NOTICE OF REMOVAL
14  PHARMACEUTICALS, INC., a Florida   )
    Corporation, MICHAEL FABIANO, an   )
15  Individual, Does 1 through 10, inclusive, )
                                       )
16             Defendants.             )
    _____)
17

18        Defendant Vital Pharmaceuticals, Inc. d/b/a VPX Sports ("VPX"), John W. Owoc

19  ("Owoc") and Michael Fabiano ("Fabiano") hereby file this Notice of Removal to the United

20  States District Court for the Northern District of Florida for the reasons stated below:

21        1.    Defendants VPX, Owoc and Fabiano are the only Defendants identified in a civil

22  action filed in the Superior Court of the State of California for the County of San Diego, styled

23  *Pharmagenx, Inc. v John W. Owoc, Vital Pharmaceuticals, Inc. and Michael Fabiano*, Case No.

24  GIN030602.  Plaintiff, Pharmagenx, Inc. ("Pharmagenx"), is the sole plaintiff in the subject civil

25  action.

26        2.    This Notice of Removal is filed in the United States District Court for the Southern

27  District of California, within the time allowed for by law for removal of civil actions.  The

28  Complaint and Summons attached hereto as Composite Exhibit 1 constitutes all of the process and

_____
DEFENDANTS' NOTICE OF REMOVAL TO
FEDERAL COURT

1   pleadings served upon said Defendants in the subject civil action to date as required by 28 U.S.C.

2   §1446(a).   Defendants first received a copy of the Complaint on June 18, 2003 when Plaintiff

3   formally served a copy of the Complaint, along with process, on Owoc, individually and as VPX'

4   registered agent.   Said Complaint constitutes all of the pleadings and papers that Plaintiff has

5   served or that are filed in the subject civil action to date.

6        3.     The United States District Court for the Southern District of California is the

7   district having jurisdiction over the place where the subject civil action is pending.

8        4.     A copy of this Notice of Removal will be filed with the Superior Court of the State

9   of California for the County of San Diego, as required by 28 U.S.C. §1446(d).

10       5.     Removal is proper pursuant to 28 U.S.C. § 1441(b) in that this Court has diversity

11   jurisdiction pursuant to 28 U.S.C. § 1332.

12                                 **Diversity Jurisdiction**

13       6.     Defendant VPX is a corporation organized and existing under the laws of the State

14   of Florida and having its principal place of business in the State of Florida.    Defendant VPX is

15   thus a citizen of the State of Florida and is not a citizen of the State of California or the State of

16   Nevada.

17       7.     Defendants Owoc and Fabiano is each a natural person who is a citizen of the

18   United States that permanently resides and is domiciled in the State of Florida.  Thus, Defendants

19   Owoc and Fabiano is each a citizen of the State of Florida and neither is a citizen of the State of

20   California or the State of Nevada. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

21   2001)

22       8.     It is alleged at paragraph 1 of the Complaint that Plaintiff Pharmagenx is a

23   corporation organized and existing under the laws of the State of Nevada and having its principal

24   place of business in San Diego County, California.  Pharmagenx is thus, according to the face of

25   the Complaint, a citizen of either the State of California or the State of Nevada and is not a citizen

26   of the State of Florida for purposes of federal diversity jurisdiction.

27

28

9.      Because Plaintiff Pharmagenx, according to the face of the Complaint, is a citizen of the State of California or the State of Nevada, and each Defendant is a citizen of the State of Florida for purposes of federal diversity jurisdiction, complete diversity is established.

10.     In each of the seven counts of the aforesaid Complaint, a copy of which is attached hereto as Exhibit "1," Plaintiff seeks, *inter alia*, "Judgment against Defendants, and each of them . . . [f]or compensatory damages in the amount of at least equal to $500,000." In addition thereto, each count seeks judgment for "consequential damages according to proof" as well as "punitive damages according to proof." Hence, the amount in controversy in the subject civil action is established to be in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, fees and costs, for purposes of federal diversity jurisdiction. *See Straus v. State Farm*, 79 F.3d 1154 (9th Cir. 1996).

11.     Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

WHEREFORE, Defendants hereby remove this action to the United States District Court for the Southern District of California.


Dated this _10_ day of July, 2003.

FELDMAN GALE & WEBER, P.A.
TODD M. MALYNN


By: _____
    Todd M. Malynn
    Attorneys for Defendants
    Vital Pharmaceuticals, Inc.
    John H. Owoc
    Michael Fabiano

Of-Counsel:

GREGG H. METZGER (Fla. Bar No. 918570)
JAMES A. GALE (Fla. Bar No. 371726)
FELDMAN GALE & WEBER, P.A.
Miami Center, 19th Floor
201 South Biscayne Blvd.,
Miami, Florida 33131-4332
Telephone No. (305) 358-5001
Fax No. (305) 358-3309

1

## PROOF OF SERVICE

2        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the above-captioned matter.  My business address is
3  Promenade West, 880 West 1st Street, Suite 315, Los Angeles, California 90012.

4        On this date, I served the foregoing document described as: **NOTICE OF REMOVAL** on the parties below by placing a true and correct copy thereof in a sealed
5  envelope and served same on the parties/counsel, addressed as follows:

6

### PLEASE SEE ATTACHED SERVICE LIST

7       The following is the procedure in which service of this document was effected:

8  ____ (BY REGULAR MAIL) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice, whereby the
9  mail is deposited in a U.S. mailbox in the City of Los Angeles, California after the close of the day's business.
10

    ____ (By FEDERAL EXPRESS) by placing a true copy thereof enclosed in a sealed
11  envelope, prepaid, deposited with the Federal Express carrier/box at Los Angeles, California.

    ____ (BY FACSIMILE TRANSMITTAL) by placing a true copy   thereof   into   a
12  facsimile machine addressed to the person, address and telephone number shown above.

13    ____ (BY PERSONAL SERVICE)  by delivering by hand and leaving a true copy with the person and/or secretary at the address shown above.

14       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this document was executed at Los Angeles, County,
15  California on July _10_, 2003.

16

17                                           Todd M. Malynn

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2  Jack H. Kaufman, Esq.
Jack H. Kaufman, A.P.C.
3  11665 Avena Place, Suite 206
San Diego, CA 92128
4  619/485-8137
619/485-7917 Fax
5

**Attorney for Plaintiff Pharmagenx, Inc.**
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Handwritten:* SERVED JOHN OWOC
DATE: 6/18/03
TIME: 4:15 PM
SERVED BY DAN THORNTON

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*

JOHN H. OWOC, an individual, VITAL PHARMACEUTICALS, INC.
a Florida Corporation, Michael Fabiano, an individual,
Does 1 through 10, inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*

PHARMAGENX, INC., A Nevada Corporation

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte. |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico). |

The name and address of the court is: *(El nombre y dirección de la corte es)*
Superior Court of California, County of San Diego
North County Branch
325 S. Melrose Drive
Vista CA  92083-6627

**CASE NUMBER:** *(Número del Caso)*
G I N 0 3 0 6 0 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
JACK H. KAUFMAN  APC
Jack H. Kaufman
11665 Avena Place, Suite 206, San Diego, CA 92128    (858) 485-8137

DATE: **JUN 1 8 2003**
*(Fecha)*

Clerk, by _E. FERNANDEZ_, Deputy
*(Actuario)*                    *(Delegado)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
          ☐ other:

4. ☐ by personal delivery on *(date):*

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]

*(See reverse for Proof of Service)*
**SUMMONS**

WEST GROUP
Official Publisher

CCP 412.20

JACK H. KAUFMAN APC
Jack H. Kaufman Bar No. 57450CA
11665 Avena Place, Suite 206
San Diego, CA 92128

TELEPHONE NO. (858) 485-8137 FAX NO. (858) 487-7917
ATTORNEY FOR (Name): PHARMAGENX, INC.

'03   12   P 3:52

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
Superior Court of the State of California
County of San Diego - North County Judicial Branch

(261)

CASE NAME:
PHARMAGENX, INC. v VITAL PHARMACEUTICALS, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Limited  ☒ Unlimited | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | ASSIGNED JUDGE: GIN030602 |

*Please complete all five (5) items below.*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (e.g., discrimination, false arrest) (08)
☒ Defamation (e.g., slander, libel) (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (e.g., legal malpractice) (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (e.g., money owed, open book accounts) (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (e.g., quiet title) (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Claims involving mass tort (40)
☐ Securities litigation (28)
☐ Toxic tort/Environmental (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (e.g., sister state, foreign, out-of-county abstracts) (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. ☐ Substantial post-disposition judicial disposition

3. Type of remedies sought *(check all that apply)*:
   a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☒ punitive

4. Number of causes of action *(specify)*:

5. This case ☐ is ☒ is not a class action suit.

Date:

JACK H. KAUFMAN
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 982.2.)
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
982.2(b)(1) [Rev. January 1, 2000]

**CIVIL CASE COVER SHEET**

WEST GROUP
Official Publisher

Cal. Rules of Court, rules 982.2, 1800–1812;
Standards of Judicial Administration, § 19

1  JACK H. KAUFMAN, A.P.C.
   JACK H. KAUFMAN, ESQ.
2  11665 Avena Place, Suite 206
   San Diego, California 92128
3  Telephone: (619) 485-8137
   Fax: (619) 487-7917
4  Bar No. 57450CA

5  Attorneys for Plaintiff,
   PHARMAGENX, INC
6  A Nevada Corporation

'03  ... 17  ... 2

(26)
CLERK ...  COURT

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10                  NORTH COUNTY JUDICIAL BRANCH

11                                        G I N 0 3 0 6 0 2

12  PHARMAGENX, INC                )  CASE NO.
    A Nevada Corporation,          )
13                                 )  COMPLAINT FOR DAMAGES FOR WRONG-
                  Plaintiff,       )  FUL INTERFERENCE WITH ECONOMIC
14                                 )  ADVANTAGE, LIBEL, SLANDER, CONVER-
                                   )  SION, FRAUD, AND FOR UNLAWFUL,
15  vs.                            )  UNFAIR AND DECEPTIVE BUSINESS
                                   )  PRACTICES
16  JOHN H. OWOC, an individual, VITAL )
    PHARMACEUTICALS, INC, a Florida )
17  Corporation, Michael Fabiano, an indivi- )
    dual, Does 1 through 10, inclusive )
18                                 )
                  Defendants.      )  I/C JUDGE:           DEPT:
19                                 )

20      Plaintiff, PHARMAGENX, INC, a Nevada Corporation, ([hereinafter "Plaintiff" or "PI"])

21  alleges as follows:

22              **FACTS COMMON TO ALL CAUSES OF ACTION**

23      1.  Plaintiff is a Nevada corporation, duly licensed to do business in California, which has

24  its principal place of business in the City of San Marcos,  County of San Diego, State of California,

25  at all times pertinent herein.

26      2.    Defendant VITAL PHARMACEUTICALS, INC ("VPI" or "VPX") is a Florida

27  Corporation doing business in the State of California and the City of San Marcos, California from

28  time to time.

                                    i

1  Florida and is an officer, shareholder and director of VPI.

2      4.  Defendant MICHAEL FABIANO ("FABIANO") is an individual residing in the state of

3  Florida and is an officer and National Sales Manager of VPI.

4      5.  Plaintiff is informed and believes and of the basis of such information and belief alleges

5  that the wrongful acts committed by the Defendants caused injury to Plaintiff in the City of San

6  Marcos, State of California and venue is proper in said county.

7      6.  Plaintiff is informed and believes and on the basis of such information and belief alleges

8  that it is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through

9  10, Inclusive and therefore sue said Defendants by such fictitious names. Plaintiff will seek leave

10  to amend when the true names and capacities have been ascertained.

11      5.  Plaintiff is informed and believes, and on the basis of such information and belief

12  alleges that each of the fictitiously named Defendants engaged in such acts that proximately or

13  legally caused the damage or harm suffered by Plaintiff.

14      6.  Plaintiff is informed and believes and on the basis of such information and belief

15  alleges that each of the Defendants were at all times relevant to this action, the agent or in the

16  employ of each of the remaining Defendants and were at all times herein mentioned acting within

17  the course and scope of such agency and employment.

18

19  <center>I</center>

20  <center>FIRST CAUSE OF ACTION</center>

21  <center>For Wrongful Interference with Economic Advantage</center>

22  <center>(Against all Defendants)</center>

23      7.  Plaintiff realleges and incorporates paragraphs 1 through 6 herein, with the same force

24  and effect as if set forth in full herein.

25      8.  Plaintiff is and has been engaged at all times pertinent herein in the business of

26  developing proprietary nutraceutical delivery systems for use in connection with dietary

27  supplements which Plaintiff manufactures and markets throughout the United States under various

28  trade names including but not limited to PARAGENX 357, 1-TESTAGENX, EQUIGENX, and

<center>2</center>

<center>COMPLAINT FOR WRONGFUL INTERFERENCE WITH ECONOMIC ADVANTAGE, ETC</center>

1          C. Defendant Fabianni contacted by phone one Ron Avidan of DNA Industries, a

2  distributor of Plaintiff's Products, in which in his capacity as National Sales Manager of VPI

3  advised Mr. Avidan that he and his company were going to be sued by VPI for selling products

4  which had been stolen from VPI or its formulas and which conduct of Plaintiff was in violation of

5  various laws.

6

7          D. Defendant Fabianni made substantially similar calls as described in subparagraph

8  C above to one Mark Lansparger of Firstfitnessusa and one Jeremy Delucca, customers and/or

9  distributors of Plaintiff for Plaintiff's Products, for the purpose of wrongfully disrupting Plaintiff's

10  business and distributorship network for its Products.

11

12      11. Under California law, Plaintiff had the reasonable expectation that said economic

13  advantages and/or contract comprising said distributorship network as described herein would not

14  be interfered with or the rightful expectations frustrated.

15      12. Said conduct of defendants was motived not by legitimate reasons but to wrongfully

16  promote and further said defendants' economic profits and interests and said defendants used illegal

17  means involving defamatory accusations of violations of federal law and state law, both civil and

18  criminal as described herein when in fact said accusations were known by said Defendants to be

19  false and untrue.

20      13. As a legal result of Defendants wrongful conduct, various entities described in

21  subparagraph 10 A through D have declined to do business with or drastically reduced their orders

22  causing substantial damages in terms of loss past and future profits and other damages at least equal

23  to $500,000 and such greater sum as may be proven at time of trial.

24      14. Said Defendants' conduct was motived by malice, fraud and conscious disregard of the

25  rights of Plaintiff and Plaintiff is entitled to an award of punitive damages sufficient to deter such

26  misconduct by said Defendants in the future.

27

28

<center>3</center>

<center>COMPLAINT FOR WRONGFUL INTERFERENCE WITH ECONOMIC ADVANTAGE, ETC</center>

## II

### SECOND CAUSE OF ACTION FOR FRAUD

#### (Against all Defendants)

15. Plaintiff realleges paragraphs 1 through 14 hereof with the same force and effect as if set forth in full herein.

16. The representations made by Defendants as described herein were and are false.

17. Said representations were made by Defendants knowing they were false or in reckless disregard of their truth or falsity and with an intent to deceive.

18. Said representations were concealed from Plaintiff so as to defraud Plaintiff and said third parties were ignorant of the truth or falsity of said representations and scheme to defraud.

19. As a legal result of said misrepresentations, Plaintiff has been damaged as set forth herein.

## III

### THIRD CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATIONS

#### (Against all Defendants)

20. Plaintiff realleges paragraphs 1 though 19 with the same force and effect as if set forth herein.

21. Defendants  made the representations as set forth herein without any reasonable basis as to whether or not said representations were true or false.

22: As a legal result of said false representations, Plaintiff has been damaged as set forth herein.

//
//
//
//
//
//

4

IV

## FOURTH CAUSE OF ACTION FOR LIBEL

### (Against Defendants VPI and OWOC)

23. Plaintiff realleges and incorporates by reference paragraphs 1 though 22 hereof with the same force and effect as if set forth in full herein.

24. Defendants OWOC and VPI published in the form of a written email as set forth Exhibit 1 attached hereto the false and defamatory statements to the individuals named herein and said statement had a tendency to expose Plaintiff to hatred, contempt and ridicule, accuse Plaintiff of a crime or crimes and attributed to Plaintiff an inability or lack of qualification to perform its usual calling or occupation.

25 Said defamatory statement was untrue.

26. As a legal result of said libel and defamation, Plaintiff has suffered damages as set forth herein.

V

## FIFTH CAUSE OF ACTION FOR SLANDER

### (Against Defendants VPI and FABIANO)

27. Plaintiff realleges and incorporates by reference paragraphs 1 though 26 hereof with the same force and effect as if set forth in full herein.

28. Defendants VPI and FABIANO made the false and defamatory statements concerning Plaintiff by way of telephone conversations or publications of an oral nature to the third parties described herein in which said Defendants accused Plaintiff of violations of criminal and civil laws, including but not limited to violations of federal copyright and trademark laws, larceny or theft laws and other misconduct and said statement were understood by said third parties in their defamatory context.

29. Said defamatory statements were false and untrue.

30. Said oral statements accused Plaintiff of crime or crimes and indicated an inability or lack of qualification to perform its usual calling or occupation.

31. Said Defendants knew that said statements were false and untrue.

5

1    32. As a legal result of said slander and defamation, Plaintiff has been damaged as set forth

2    herein.

3                                                    VI

4                       SIXTH CAUSE OF ACTION FOR CONVERSION

5                          (Against Defendants VPI and OWOC)

6          33. Plaintiff realleges paragraphs 1 through 32 with the same force and effect as if set forth

7    herein.

8          34. In and about September, 2002, Defendants VPI and OWOC converted property

9    belonging to Plaintiff, namely certain patented property rights set forth in Pending Patent

10   applications which form a part of Plaintiff's Products, by so called reverse engineering and

11   incorporating said processes in Defendant's products.

12         35. Said conversion was done without the permission of Plaintiff or its predecessor in

13   interest, one Brian Rubach and in violation of said ownership rights of Plaintiff.

14         36. As a legal result of said conversion, Plaintiff has been damaged as described herein.

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

# VII

## SEVENTH CAUSE OF ACTION

### For Unlawful, Unfair And Deceptive Business Practices

### (Against all Defendants)

37. Plaintiff realleges and incorporates paragraphs 1 through 36 hereinabove, with the same force and effect as if set forth in full herein.

38. California Business and Professions Code Sections 17200, et seq., prohibit acts and\or practices which would constitute deceptive, unfair or unlawful business practices. By reason of Defendants making the misrepresentations as described herein and engaging in the wrongful acts described herein, said Defendants and each of them, engaged in acts which were misleading and intended to deceive the general public in violation of Business and Professions Code Section 17200, et seq.

39. By making said misrepresentations alleged herein, all said Defendants engaged in acts and practices which constituted unfair, deceptive, untrue and misleading advertising, within the meaning of Business and Professions Code Section 17200, et seq. Such acts were intended to and likely to, deceive the general public. Defendants knew, or in the reckless disregard of the fact, or in the exercise of reasonable care should have known, that such representations concerning Plaintiff's Products and their characteristics, were untrue and/or misleading to Plaintiff and members of the public..

40. As a direct, proximate and legal result of said unfair, unlawful and deceptive business practices, by said Defendants in violation of Business and Professions Code Section 17200, et seq., Plaintiff and members of the public were misled, deceived, and caused to expend monies to correct said misrepresentations and assure Plaintiff's distributors that in fact no laws had been violated by reason of said distributors purchasing and reselling Plaintiff's Products. Plaintiff is informed and believes that other members of the public other than the named distributors of Plaintiff were likewise deceived by similar unfair and deceptive trade practices, and that said Defendants were continuing to engage in such unfair and deceptive trade practices.

**7**

41.     As a further direct, proximate and legal result of said violations of Business and Professions Code Section 17200, et seq., Plaintiff seeks an injunction to enjoin said unfair, unlawful and deceptive business practices and seeks to obtain restitution as a result of said unfair, unlawful and deceptive business practices, and reserves the right to apply to the Court for an award of attorney's fees as permitted by law.

WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them as follows:

**FIRST CAUSE OF ACTION (For Wrongful Interference with Economic Advantage) Against all Defendants, jointly and severally:**

1.   For compensatory damages in the amount of at least equal to $500,000;

2.   For consequential damages according to proof;

3.   For interest on the Judgment from the earliest date allowed by law;

4.   For costs of suit; and,

5.   For punitive damages according to proof;

6.   For such other relief as the Court shall deem just and proper.

**SECOND CAUSE OF ACTION (For Fraud and Deceit) Against all Defendants**

1.   For compensatory damages in the amount of at least $500,000;

2.   For consequential damages according to proof;

3.   For punitive damages according to proof;

4.   For interest on the Judgment from the earliest date allowed by law;

5.   For costs of suit; and;

6.   For such other relief as the Court shall deem just and proper.

**THIRD CAUSE OF ACTION (For Negligent Misrepresentation) Against All Defendants**

1.   For compensatory damages in the amount of at least $500,000;

2.   For consequential damages according to proof;

3.   For interest on the Judgment from the earliest date allowed by law;

4.   For costs of suit; and,

3

5. For such other relief as the Court shall deem just and proper.

**FOURTH CAUSE OF ACTION (For LIBEL) Against Defendants VPI AND OWOC**

1. For compensatory damages in the amount of at least $500,000;

2. For consequential damages according to proof;

3. For punitive damages according to proof;

4. For costs of suit

5. For such other relief as the Court shall deem just and proper.

**FIFTH CAUSE OF ACTION (For SLANDER) Against Defendants VPI AND FABIANO**

1. For compensatory damages in the amount of at least $500,000;

2. For consequential damages according to proof;

3. For punitive damages according to proof;

4. For costs of suit

5. For such other relief as the Court shall deem just and proper.

**SIXTH CAUSE OF ACTION (For CONVERSION) Against Defendants VPI and OWOC**

1. For compensatory damages in the amount of at least $500,000;

2. For consequential damages according to proof;

3. For punitive damages according to proof;

4. For costs of suit;

5. For such other relief as the Court shall deem just and proper.

**SEVENTH CAUSE OF ACTION (For UNFAIR BUSINESS PRACTICES) Against all Defendants**

1. For restitution damages, if any, according to proof;

2. For injunctive relief as permitted by law;

3. For attorney's fees as permitted by law; and,

4. For such other relief as the Court shall deem just and proper.

Dated: June 16, 2003                    JACK H. KAUFMAN, A.P.C.

9

1
2  By:
3       JACK H. KAUFMAN
         Attorneys for Plaintiff
4        PHARMAGENX, INC
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*10*

COMPLAINT FOR WRONGFUL INTERFERENCE WITH ECONOMIC ADVANTAGE, ETC

EXHIBIT

**YAHOO!** Mail    Yahoo! - My Yahoo! - Help        Search the web

DSL or Dial? broadband...
Learn about the 2 great choices for internet access from: ASO YAHOO!

☒ Mail ▾ | 📖 Addresses ▾ | 📅 Calendar ▾ | 📝 Notepad ▾        datrout@yahoo.com [Sign Out]

Check Mail    Compose                        Mail Upgrades - Search Mail - Mail Options

Previous | Next | Back to Messages                        Printable View - F

| Delete | Reply | Reply All | Forward | inline text ▾ 🔄 | Move to folder.. |

Folders [Add]
🗁 Inbox
🗁 Draft
🗁 Sent
🗁 Bulk [Empty]
🗁 Trash [Empty]
My Folders [Hide]
🗀 Dans notes
🗀 Family
🗀 NEXT Info
🗀 PharmagenX
🗀 Prostate Care
🗀 V3S
🗀 Web business-SC...

This message is not flagged. [ Flag Message - Mark as Unread ]

  Date: Fri, 6 Jun 2003 07:07:26 -0700 (PDT)
  From: "Dan Armentrout" <datrout@yahoo.com> | This is spam | Add to Address Book
Subject: Fwd: FW: LAWSUIT
    To: dan@pharmagenx.com

--- "Hillman, Eric" <EricHillman@EuropaSports.com> wrote:
> From: "Hillman, Eric" <EricHillman@EuropaSports.com>
> To: "Dan Armentrout (E-mail)" <datrout@yahoo.com>
> Subject: FW: LAWSUIT
> Date: Fri, 6 Jun 2003 09:44:02 -0400
>
>
> -----Original Message-----
> From: DarLips@aol.com [mailto:DarLips@aol.com]
> Sent: Friday, June 06, 2003 2:16 AM
> To: EricHillman@EuropaSports.com
> Cc: RKAIN@FLEITKAIN.COM; gmetzger@fgwlaw.com; JGALE@fgwlaw.com
> DARLENE@VPXSPORTS.COM; PAUL@VPXSPORTS.COM; mikef@vpxsports.com
> Subject: LAWSUIT
>
>
> ERIC,
>
> UNFORTUNATELY, YOU ARE BEING NAMED AS A CO-CONSPIRATOR IN LAWS
> VIOLATING VPX'S TRADE DRESS, TRADE NAMES, TRADE MARKS ETC. WHI
EXTEND
> NATIONWIDE. AND YOU WILL ALSO BE NAMED IN ANOTHER SUIT INVOLVI
SLANDER AND
> DEFAMATION OF CHARACTER RESULTING IN UNTOLD DAMAGES TO VPX REG
PLASMA
> EXPANDOR.
> WE AFFORDED YOU AND OTHER INDIVIDUALS ON YOUR STAFF MANY
OPPORTUNITIES AND
> WARNINGS TO CEASE AND DESIST WITH THIS DESTRUCTIVE BEHAVIOR. H
> REPRESENTATIVES OF YOUR COMPANY BOLDLY REFUSED TO HEED THIS
COMPLIMENTARY
> ADVICE. RECENTLY, IT HAS BECOME APPARENT THAT EUROPA HAS BECOM

```
ARROGANT IN
> ITS DAMAGING ACTIONS AGAINST VPX. CONSEQUENTLY, YOU HAVE LEFT
OTHER
> RECOURCE EXCEPT SWIFT AND AGRESSIVE LEGAL ACTION. FRANKLY, I'V
ALWAYS
> RESPECTED YOUR CHARACTER, BUT EVEN THIS HAS BECOME SUSPECT.
>
> GOVERN YOURSELF ACCORDINGLY AND PROVIDE US WITH THE NAME, ADDR
PHONE
> NUMBER OF YOUR ATTORNEY SO THAT WE DO NOT HAVE TO EMBARASS YOU
SERVING
> YOU AT YOUR PLACE OF BUSINESS.
>
> JACK OWOC
>
```

Do you Yahoo!?
Yahoo! Calendar - Free online calendar with sync to Outlook(TM).
http://calendar.yahoo.com

| Delete | Reply | Reply All | Forward | inline text | | Move to folder.. |

Previous | Next | Back to Messages                                          Save M

Check Mail — Compose                     Mail Upgrades - Search Mail - Mail Options

Mail - Address Book - Calendar - Notepad

Address Book ☐Auctions ☐Autos ☐Briefcase ☐Calendar ☐Chat ☐Classifieds ☐Finance ☐Games ☐Geocities ☐Greetings ☐Groups ☐Health ☐Horoscopes ☐
HotJobs ☐Kids ☐Mail ☐Maps ☐Member Directory ☐Messenger ☐Mobile ☐Movies ☐Music ☐My Yahoo! ☐News ☐PayDirect ☐Personals ☐Pets ☐Photos ☐
Platinum ☐Shopping ☐Sports ☐TV ☐Travel ☐Weather ☐Yellow Pages ☐more...

Copyright © 1994-2003 Yahoo! Inc. All rights reserved. Terms of Service - Copyright Policy - Guidelines - Ad Feedback
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy

EXHIBIT

06/17/03

TRANSCRIPT of telephone message left by Mike Fabianni, National Sales Manager of VPX on the voice mailbox of Eric Hillman, CEO, Europa Sports Products.

Reference: MF= Mike Fabianni

MF: "Good afternoon Eric this is uh, VPX Sports calling, um, we wanted to bring to your attention the fact that uh, VPX is in litigation with a company called Pharmagenx. We wanted to notify Europa Sports that you will be named in the lawsuit so, uh, please be advised that this course of action is taking place, and, um, um, it is VPX Sports intent to name Europa Sports in the lawsuit against Pharmagenx. Thank you very much and , uh, have a good day". (END OF VOICE MESSAGE).


Tape retained on file for safe keeping.

Dan Armentrout



SUPERIOR COURT OF CALIFORNIA, COUNTY
PENDENT CALENDAR CLERK
325 S. Melrose
Vista, CA 92083

TO:

JACK H. KAUFMAN
A PROFESSIONAL CORPORATION
11665 AVENA PLACE, #206
SAN DIEGO, CA  92128

| | | |
|---|---|---|
| PHARMAGENX INC | | Case No.:  GIN030602 |
| Plaintiff(s) | | **NOTICE OF CASE ASSIGNMENT** |
| vs. | | Judge:  MICHAEL M. ANELLO |
| JOHN H OWOC | | Department:  29 |
| Defendant(s) | | Phone:  760-806-6348 |

COMPLAINT FILED  06/17/03

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil consists of all cases except:  Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SUPCT CIV-345) filed within 60 days of filing.  This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

**CASE MANAGEMENT CONFERENCE:** A Case Management Conference will be set within 150 days of filing the complaint.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS.  SEE ADR INFORMATION PACKET AND STIPULATION.

CERTIFICATE OF SERVICE

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at        VISTA California.

DATED: 06/17/03                              BY:  CLERK OF THE SUPERIOR COURT

SDSC CIV-721(Rev 5-03)                ASG-NOTICE OF CASE ASSIGNMENT

TO:

| PHARMAGENX INC | Case No.: GIN030602 |
|---|---|
| Plaintiff(s) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** |
| vs. | (CRC 1590.1) |
| JOHN H OWOC | Judge: MICHAEL M. ANELLO |
| Defendant(s) | Department: 29 |

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Ordered Mediation Program
☐ Private Neutral Evaluation
☐ Private Mini-Trial
☐ Private Summary Jury Trial
☐ Private Settlement Conference With Private Neutral
☐ Other (specify):

☐ Court-Ordered Nonbinding Arbitration (Cases valued at $50,000 or less)
☐ Court-Ordered Binding Arbitration
☐ Private Reference to General Referee
☐ Private Reference to Judge
☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate: (mediation & arbitration only) _____

Date: _____   Date: _____

Name of Plaintiff   Name of Defendant

Signature   Signature

Name of Plaintiff's Attorney   Name of Defendant's Attorney

Signature   Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, Rule 225. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

IT IS SO ORDERED.

IT IS ALSO ORDERED that: No new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359(Rev. 5-03)   ADR-STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Use of Alternate Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court has established a Civil Mediation Program to replace the Mediation Pilot Program established by Code of Civil procedure sections 1730 et seq. The Civil Mediation Program, in effect for cases filed on or after May 1, 2003 or upon stipulation, is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for court-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Soft Tissue-Auto PI cases valued at $15,000 or less where liability is not in dispute may be assigned to the Soft Tissue-Auto PI Program, upon request (see Local Rule 2.31). Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter III and Code of Civil Procedure 1141 et seq. address this program specifically.

3) SETTLEMENT CONFERENCE: The goal of a settlement conference is to assist parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) OTHER VOLUNTARY ADR: Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Use Alternative Dispute Resolution Process" which is included in this ADR Package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 338-2797.

ADDITIONAL ADR INFORMATION: For more information about the Civil Mediation Program, please contact the Civil Mediation Coordinator at 619-515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at 619-531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned or the court's Settlement Conference department at 619-531-3001. Please note that staff can only discuss ADR options and cannot give legal advice.

ORIGINAL

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Pharmagenx, Inc.

**DEFENDANTS**

John H. Owoc, Vital Pharmaceuticals, Inc., Michael Fabiano & Does 1 through 10 inclusive,

03 JUL 11 AM 10: 53

SOUTHERN DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jack H. Kaufman, APC, Jack H. Kaufman, Esq. 11665 Avena Place, Suite 206, san Diego, CA 92128: Phone: 619-485-8137

**ATTORNEYS (IF KNOWN)**

'03 CV 1370 IEG (JMA)

Feldman Gale & Weber, P.A., Todd M. Malynn, Esq., Promenade West, Suite 315, 880 West First Street, Los Angeles, CA 90012: Phone: 619-254-7445

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)**

28 U.S.C. § 1332

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ○ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ○ 610 Agriculture | ○ 422 Appeal 28 USC 158 | ○ 400 State Reappointment |
| ○ 120 Marine | ○ 310 Airplane | ○ 362 Personal Injury- Medical Malpractice | ○ 620 Other Food & Drug | ○ 423 Withdrawal 28 USC 157 | ○ 410 Antitrust |
| ○ 130 Miller Act | ○ 315 Airplane Product Liability | ○ 365 Personal Injury - Product Liability | ○ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ○ 430 Banks and Banking |
| ○ 140 Negotiable Instrument | ○ 320 Assault, Libel & Slander | | ○ 630 Liquor Laws | ○ 820 Copyrights | ○ 450 Commerce/ICC Rates/etc. |
| ○ 150 Recovery of Overpayment &Enforcement of Judgment | ○ 330 Federal Employers' Liability | ○ 368 Asbestos Personal Injury Product Liability | ○ 640 RR & Truck | ○ 830 Patent | ○ 460 Deportation |
| ○ 151 Medicare Act | ○ 340 Marine | **PERSONAL PROPERTY** | ○ 650 Airline Regs | ○ 840 Trademark | ○ 470 Racketeer Influenced and Corrupt Organizations |
| ○ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ○ 345 Marine Product Liability | ○ 370 Other Fraud | ○ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ○ 810 Selective Service |
| ○ 153 Recovery of Overpayment of Veterans Benefits | ○ 350 Motor Vehicle | ○ 371 Truth in Lending | ○ 690 Other | ○ 861 HIA (1395ff) | ○ 850 Securities/Commodities Exchange |
| ○ 160 Stockholders Suits | ○ 355 Motor Vehicle Product Liability | ○ 380 Other Personal Property Damage | **LABOR** | ○ 862 Black Lung (923) | ○ 875 Customer Challenge 12 USC |
| ○ 190 Other Contract | ● 360 Other Personal Injury | ○ 385 Property Damage Product Liability | ○ 710 Fair Labor Standards Act | ○ 863 DIWC/DIWW (405(g)) | ○ 891 Agricultural Acts |
| ○ 195 Contract Product Liability | | | ○ 720 Labor/Mgmt. Relations | ○ 864 SSID Title XVI | ○ 892 Economic Stabilization Act |
| | | | ○ 730 Labor/Mgmt. Reporting & Disclosure Act | ○ 865 RSI (405(g)) | ○ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ○ 894 Energy Allocation Act |
| ○ 210 Land Condemnation | ○ 441 Voting | ○ 510 Motions to Vacate Sentence Habeas Corpus | ○ 740 Railway Labor Act | ○ 870 Taxes (U.S. Plaintiff or Defendant) | ○ 895 Freedom of Information Act |
| ○ 220 Foreclosure | ○ 442 Employment | | ○ 790 Other Labor Litigation | ○ 871 IRS - Third Party 26 USC 7609 | ○ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ○ 230 Rent Lease & Ejectment | ○ 443 Housing/Accommodations | ○ 530 General | ○ 791 Empl. Ret. Inc. | | ○ 950 Constitutionality of State |
| ○ 240 Tort to Land | ○ 444 Welfare | ○ 535 Death Penalty | Security Act | | ○ 890 Other Statutory Actions |
| ○ 245 Tort Product Liability | ○ 440 Other Civil Rights | ○ 540 Mandamus & Other | | | |
| ○ 290 All Other Real Property | | ○ 550 Civil Rights | | | |
| | | ○ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- ○ 1 Original Proceeding
- ● 2 Removal from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multidistrict Litigation
- ○ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**

- ○ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ 500,000.00 OR MORE

Check YES only if demanded in complaint:
JURY DEMAND: ○ YES ● NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE ____ Docket Number ____

DATE ____ SIGNATURE OF ATTORNEY OF RECORD

03 #150 95583  07/11/07

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)